IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Hanfeng Chen,                         Case No. 3:06 CV 2523

              Plaintiff,         MEMORANDUM OPINION
                                     AND ORDER
      -vs-
                                      JUDGE JACK ZOUHARY
Alberto Gonzales, et al.,

              Defendants.

      Plaintiff Chen, a Chinese citizen and lawful permanent resident, applied for naturalization on September 17, 2004. The United States Citizenship and Immigration Services (USCIS) submitted a name check request to the Federal Bureau of Investigations (FBI) on October 1, 2004 and interviewed Plaintiff on February 19, 2005. Plaintiff filed his Complaint and Request for Hearing on Naturalization Application on October 18, 2006, twenty months after his naturalization interview. At the time of the Complaint, the FBI name check had not been completed and, without it, USCIS cannot complete the naturalization application (Doc. Nos. 1 and 16). During the pendency of this lawsuit, the USCIS received Plaintiff's completed FBI name check (Doc. No. 29) and approved his application for naturalization (Doc. No. 32). The case was dismissed in May 2007 (Doc. No. 33). Plaintiff subsequently filed a Motion for Attorney Fees and Costs (Doc. No. 34).

**DISCUSSION**

The general rule is that parties, win or lose, are required to bear their own attorney fees. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (U.S. 1975). Courts recognize an exception to this rule when a statute explicitly authorizes the award of attorney fees to the prevailing party, as in the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). Plaintiff claims he is a "prevailing party" and entitled to an award of attorney fees and costs under Sections 2412(a), (b) and (d)(1)(A) of the EAJA.[1]

---

[1]

28 U.S.C. § 2412 provides in pertinent part:

> **(a)(1)** Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.
>
> **(2)** A judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a) of this title. The preceding sentence shall not be construed as requiring the United States to pay any filing fee.
>
> **(b)** Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.
> . . .
> **(d)(1)(A)** Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The Supreme Court recently clarified the definition of a prevailing party in *Sole v. Wyner*, ___ U.S. ___, 127 S.Ct. 2188 (2007). The Court held a plaintiff who gains a preliminary injunction after an abbreviated hearing, but is denied a permanent injunction after a dispositive adjudication on the merits, does not qualify as a prevailing party. The Court reviewed its prior holdings (*Id.* at 2194):

> The touchstone of the prevailing party inquiry, this Court has stated, is "the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Assn. v. Garland Independent School Dist.,* 489 U.S. 782, 792-793, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). See *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) (plaintiff must "receive at least some relief on the merits of his claim before he can be said to prevail"); *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980) (upholding fees where plaintiffs settled and obtained a consent decree); cf. *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (precedent "counsel[s] against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties").

While a prevailing party does not need to prevail on the central issue, and even an award of nominal damages can make a plaintiff a prevailing party, a material alteration of the legal relationship requires "the settling of some dispute which affects the behavior of the defendant towards the plaintiff." *Rhodes v. Steward*, 488 U.S. 1, 4 (1988) (citing *Hewitt*, 482 U.S. at 761); *Texas State Teachers Assn.* 489 U.S. at 786-92 (rejecting the central issue test); *Farrar v. Hobby*, 506 U.S. 103, 113 (1992) (plaintiff who wins nominal damages is a prevailing party). Additionally, no alteration of the legal relationship occurs when plaintiff merely receives "a favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff." *Hewitt*, 482 U.S. at 763.

Generally, "[P]laintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." *Farrar*, 506 U.S. at 111 (citations omitted). In the instant case, the Court has not issued an enforceable judgment or consent decree, nor did the parties achieve settlement. The Dismissal Order (Doc. No. 37) did not result in

a damages award, injunction, declaratory judgment, or finding that Plaintiff prevailed on the merits. Further, the legal relationship between Plaintiff and Defendant was not altered. Simply put, Plaintiff has not shown he was a "prevailing party" under 28 U.S.C. § 2412.

Plaintiff argues he is entitled to attorney fees and costs because the Court's March 22, 2007 Order granting a Joint Motion to Stay Proceedings (Doc. No. 31) pressured Defendants to advance Plaintiff's naturalization application (Doc. No. 36-2). Plaintiff describes this Order as a "consent decree" which materially changed the legal relationship between the parties by imposing upon Defendants a specific deadline to complete Plaintiff's naturalization application. However, this Order was not a consent decree as that term is understood. The Order merely stayed the proceedings after Defendants informed the Court the FBI name check had been processed and Plaintiff's naturalization was moving forward, and set the date of April 27, 2007 for a further status report. This Order allowed the parties to postpone the legal battle, save legal expense, and also conserve judicial resources in the hopes the application process would conclude and thereby resolve the legal dispute. The Order did not bestow prevailing party status upon Plaintiff and clearly is not a judgment on the merits.

Whether the filing of the Complaint helped to hasten Plaintiff's naturalization is unknown. Even if it did, Plaintiff's eventual naturalization is insufficient to make him a prevailing party. The Supreme Court rejected this "catalyst theory" in *Buckhannon Bd. & Care Home*, 532 U.S. at 600 (plaintiff's challenge of a state housing requirement, where the state legislature voluntarily eliminated the disputed requirement during litigation, did not make plaintiff a prevailing party). The court held achieving the desired result, through defendant's voluntary change in conduct prompted by the filing of the lawsuit, is insufficient to make plaintiff a prevailing party. *Id.* at 601. Unless there is a "judicially sanctioned change in the legal relationship of the parties," defendant's actions lack the

4

"necessary imprimatur" on the change. *Id*. at 605-06.  This is exactly the situation in the case at hand, where any change in Plaintiff's circumstances occurred without judicial sanction.

For these reasons, Plaintiff does not meet the requirements of a prevailing party and therefore is not entitled to attorney fees and costs under the EAJA.  Plaintiff's Motion for Attorney Fees and Costs (Doc. No. 34) is DENIED.

        IT IS SO ORDERED.

                                                                 s/ *Jack Zouhary*
                                          JACK ZOUHARY
                                          U. S. DISTRICT JUDGE

                                          June 25, 2007